318 P.2d 1105

George H. RYAN, Plaintiff and Respondent,

v.

AMERICAN NATIONAL INVESTMENT COMPANY, a corporation, Defendant and Appellant.

No. 8675.

Supreme Court of Utah.

Dec. 16, 1957.

3. Baltimore & O. R. Co. v. Felgenhauer, 8 Cir., 168 F.2d 12; Brock v. Waldron, 127 Conn. 79, 14 A.2d 713.

Newel G. Daines, Logan, R. DeLos Daines, Salt Lake City, for appellant.

George D. Preston, Logan, for respondent.

McDONOUGH, Chief Justice.

This is an appeal by the defendant from a judgment in the sum of $1,500 interest and costs in favor of the plaintiff.

Plaintiff commenced the action below to recover for services rendered for the defendant during the months of May and June, 1955, which he alleged were of the agreed and reasonable value of $1,500. On conflicting evidence the lower court found that the services were rendered and that the value thereof was $1,500. The court further found that the plaintiff had agreed to accept shares of stock in the defendant corporation at the rate of 10¢ per share, the then par value of the stock, in satisfaction of one-half of the total amount earned. The defendant was ordered to deposit 7,500 shares of 10¢ par value stock with the court by a given date. Defendant failed to comply and the court entered a money judgment for the full $1,500. The only matter that divides the parties here is the question of the sufficiency of the tender of stock made by defendant in alleged compliance with the stock consideration for the services rendered. The difference between the parties arises out of certain changes made in the articles of incorporation subsequent to the time the contract was entered into.

In May of 1955, the date of the employment contract, the stock had a par value of 10¢ per share. At that time the articles of incorporation provided for an authorized capital of $6,600,000, divided into 65,000,000 shares of Class A common voting stock, with a par value of 10¢ per share, and 4,000 shares of Class B common voting stock with par value of $25 per share. However, prior to the commencement of the action below, to-wit: on October 1, 1955, the articles were amended to provide that the $6,600,000 authorized capital stock was to be divided into 6,600,000 shares of Class A common stock, with a par value of $1 per share, thereby eliminating all but the Class A common stock. At the time of trial, therefore, there

was no 10¢ par value stock in existence. The defendant, prior to the entry of the final judgment, tendered into court 750 shares of Class A common stock, with a par value of $1 per share. This the plaintiff refused to accept, insisting, like unto the money lender in the Merchant of Venice, upon the letter of his bond. Defendant, however, contends that the lower court erred in finding that the defendant had not tendered, and refused to tender, the amount of stock necessary to pay the plaintiff one-half the value of the services rendered.

We are of the opinion that its contention is well founded. By the amendment to its articles of incorporation, the initial capital authorization of the corporation was in no way changed. The amendment in no way affected the value of the stockholders' interest in the defendant corporation as the amount of outstanding shares was reduced in proportion to the increase in the par value of each share. Clearly, a person who received a stock certificate of one share of the stock at a par value of $1 received the same interest in the defendant company as a stockholder who received 10 shares of stock at the time the par value thereof was 10¢. In effect, the employment contract called for one-half payment in stock, the stock to be taken at its par value. The tender of $750 worth of stock with a par value of $1 per share met this requirement. This tender should not have been rejected by the plaintiff and the court below.

The judgment is therefore modified to provide that the stock tendered in the court should be delivered to the plaintiff in satisfaction of one-half of the $1,500 found to have been earned. It is agreed by the parties that $45 was paid by the defendant corporation to the plaintiff, which was not credited on the judgment below. Hence, the money judgment should be reduced to one-half the amount earned, less $45, or $705.

The judgment as modified is affirmed. Costs to appellant.

CROCKETT, WADE, WORTHEN and HENRIOD, JJ., concur.